UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN SCALIN, JOSIANE PIQUARD and ROLAND CHERRIER, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:15-CV-03362 |
| vs. ) ) | Judge Andrea R. Wood |
| SOCIÉTÉ NATIONALE DES CHEMINS DE FER FRANÇAIS, ) ) ) | |
| Defendant. ) | |

**PLAINTIFFS' OPPOSITION TO NON-PARTY SERGE KLARSFELD'S
MOTION TO INTERVENE TO SUBMIT AMICUS BRIEF**

Non-party Serge Klarsfeld has moved for an order allowing him to file a proposed amicus brief in support of Defendant's Rule 12(b) motion to dismiss the Complaint. (Doc. 30.) His position, which he offers without citation to any authority except himself, is that the allegation that Defendant and its employees "spoliated Jewish deportees is not consistent with historical accounts or historical truth." (*Id.* at 7.)

Plaintiffs oppose Mr. Klarsfeld's motion, first, because it is inappropriate and untimely. Mr. Klarsfeld purports to challenge the historical accuracy of the Complaint's factual allegations. The purpose of a Rule 12(b) motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a Rule 12(b) motion, the Court takes as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). So even if Mr. Klarsfeld disputes Plaintiffs' factual recitation, his position is not useful to the Court: for a Rule 12(b) motion, the

Court must presume as true the Complaint's alleged facts. At best, the proposed submission is premature. Leave to participate as amicus curiae should be denied unless the Court deems the proferred brief to be both "*timely* and useful." *United States v. Yaroshenko*, __ F.3d __, 2015 WL 687504, at *2 (S.D.N.Y. 2015) (emphasis in the original). Mr. Klarsfeld's motion should be denied because it is not timely or useful to the Court.

Plaintiffs also oppose the motion because it does not show that Mr. Klarsfeld has a unique perspective that Defendant cannot provide. In that regard, Mr. Klarsfeld does not discuss the legal standards governing amicus curiae participation in the district court. District courts may accept "amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1087 (N.D. Cal. 2005) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). "However, an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." *Id.*

Whether to permit a nonparty to file an amicus brief is "'a matter of judicial grace.'" *Johnson v. U.S. Office of Personnel Mgmt.*, No. 14-C-0009, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 29, 2014) (quoting *National Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2003)). Because there is no rule of civil procedure governing motions for leave to file an amicus curiae brief in the district court, such courts look to Fed. R. App. P. 29, which governs amicus participation at the federal appellate level. *American Humanist Ass'n v. Maryland-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014).

The Seventh Circuit teaches that courts should not grant "rote permission to file an amicus curiae brief," and should never grant permission to file an amicus brief that repeats "the brief of one of the parties." *Nat'l Org. for Women*, 223 F.3d at 617. Courts should grant leave to file an amicus brief "only when":

- a party is not adequately represented (or not represented at all);

- when the would-be amicus has a direct interest in another case, and the case in when he seeks permission to file an amicus brief may, by operation of stare decisis or res judicata, materially affect that interest; or

- when the amicus has a unique perspective, or information, that can assist the court beyond what the parties are able to provide.

*Id.* "Otherwise, leave to file an amicus curiae brief should be denied." *Ryan*, 125 F.3d at 1064; *Jin v. Ministry of St. Security,* 557 F. Supp. 2d 131, 137 (D.D.C. 2008).

Mr. Klarsfeld does not claim to represent a party who is not adequately represented, or that he has a direct interest in another case that may be affected by what happens here. Nor is his perspective unique. Without corroborating his own factual statements, he purports to dispute factual allegations indicating that during World War II, Defendant or its employees expropriated personal property of Jewish passengers who were being transported on Defendant's trains to death camps. That is also Defendant's position, and it is an issue of fact. Defendant—who is presently represented by at least six lawyers from two law firms—has the wherewithal to advance its own factual positions. Mr. Klarsfeld offers no information that Defendant cannot provide. Amicus participation should not be allowed unless the proposed amicus has a unique perspective or information that the party cannot provide. *Nat'l Org. for Women*, 223 F.3d at 617 (denying amici participation where applicants did not meet such criteria); *accord*, *Johnson*, 2014 WL 1681691, at *1 (allowing amici participation where—unlike Mr. Klarsfeld—the proposed briefs provided new arguments, theories, and citations to authorities that would help the court

3

determine the unusual issue presented). Mr. Klarsfeld does not offer a unique perspective or fresh information. He offers a factual argument that Defendant itself can make.

Finally, the Court should know that Mr. Klarsfeld's objectivity is open to question. An article published by the Jewish Telegraphic Agency indicates that Mr. Klarsfeld has long opposed lawsuits of Jewish deportees against Defendant. *Around the Jewish World Decision to Sue French Railway Divides Plaintiffs, Jewish Groups*, Oct. 17, 2006, *available at* http://www.jta.org/2006/10/17/archive/around-the-jewish-world-decision-to-sue-french-railway-divides-plaintiffs-jewish-groups. The same article indicates that in 2006, Mr. Klarsfeld's son, Arno Klarsfeld, a lawyer, was representing Defendant in New York, "where deportees' families filed a class action suit against the French railway. He works closely with Interior Minister Nicolas Sarkozy on providing legal papers to certain illegal immigrants in France, leading some to charge that his SNCF work is politically motivated." *Id.* Neither Mr. Klarsfeld nor Arno Klarsfeld returned phone calls for the article. *Id.*

Mr. Klarsfeld is petitioning the Court to promote his support for Defendant. But that is not the purpose of an amicus brief. "After all, the term 'amicus curiae' means friend of the court, not friend of a party." *Johnson*, 2014 WL 1681691, at *1. "An amicus curiae proves true to its name as a 'friend of the court' when it offers a fresh perspective on an unsettled question of law that the actual parties to the litigation have not fully addressed." *Yaroshenko*, 2015 WL 687504, at *2. Mr. Klarsfeld does not offer a fresh prospective on an unsettled question of law that the parties cannot address. If he is indeed "the world's leading authority on events in France during World War II related to the Holocaust," with the "unique credibility to comment on the claims made by the Plaintiffs regarding the actions of the Defendants and other French actors during the Holocaust," (Doc. 30 at 1), perhaps Defendant will retain him as an expert witness. But his

5

purported disagreement with Plaintiff's factual allegations should carry no weight as the Court considers Defendant's Rule 12(b) motion to dismiss. Accordingly, Plaintiffs respectfully submit that Mr. Klarsfeld's motion for leave to file his proposed amicus brief should be denied.

| | |
|---|---|
| Dated: September 30, 2015 | KAREN SCALIN, JOSIANE PIQUARD and ROLAND CHERRIER |
| | By: /s/ Steven P. Blonder<br>One of Their Attorneys |

Steven P. Blonder (#6215773 sblonder@muchshelist.com)
Jonathan L. Loew (#6184157 jloew@muchshelist.com)
MUCH SHELIST, P.C.
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 521-2000

Harriet Tamen
Tamen Law Offices
212 East 39th Street
New York, NY 10016
(212) 284-5262

Stephen T. Rodd
Abbey Spanier, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

Professor Lucille A. Roussin
243 West 99th Street
New York, NY 10025
(212) 877-9746

**CERTIFICATE OF SERVICE**

I, Steven P. Blonder, an attorney, certify that on September 30, 2015, I caused copies of the prefixed Plaintiffs' Opposition to Non-Party's Motion to Intervene to Submit Amicus Brief to be served via the Court's electronic filing system upon all counsel with appearances of record:

>Matthew C. Luzadder
>Ethan Kent
>Kelley Drye & Warren LLP
>333 West Wacker Drive, Suite 2600
>Chicago, IL 60606
>
>Paul C. Rosenthal
>Kelley Drye & Warren LLP
>3050 K Street, N.W., Suite 400
>Washington, DC 20007
>
>Stephanie A. Scharf
>Theodore L. Banks
>Scharf Banks Marmor LLC
>333 West Wacker Drive, Suite 450
>Chicago, IL 60606
>
>John B. Bellinger, III
>Robert A. Derise
>Robert N. Weiner
>Arnold & Porter LLP
>555 Twelfth Street, NW
>Washington, DC 20004
>
>Robert R. Anderson
>Arnold & Porter LLP
>370 Seventeenth Street, Suite 4400
>Denver, CO 80202
>
>Adam J. Jagadich
>Jeffrey Singer
>Segal, McCambridge, Singer & Mahoney, Ltd.
>233 South Wacker Drive, Suite 5500
>Chicago, IL 60606

/s/ Steven P. Blonder

6067308_1